-In October 1963 plaintiff contracted with the Air Force to rehabilitate 435 family quarters at Clark Air Base in the Philippine Islands. The original contract provided a fixed unit price to aggregate not more than an estimated $1,352,957, later increased to $1,408,009. A formal notice of termination for convenience was issued on August 10,1966, and because no further work was done after February 15, 1966 the notice implied that the termination would be effective retroactively to that date, which the ASBCA ratified. After termination the parties began negotiating a settlement, plaintiff finally appealing to the ASBCA which considered 59 extra work claims separately from the termination settlement proposal. The board allowed an additional sum in settlement of all of plaintiffs outstanding claims, and from this decision plaintiff appealed certain *939 unfavorable aspects here. Count 1 of the petition was dismissed by court order reported at 207 Ct.Cl. 995 (1975). On July 15, 1977 Trial Judge C. Murray Bernhardt filed a recommended decision (reported in full at 24 CCF para. 81,821) concluding that the Board’s decision passes muster under Wunderlich Act criteria. On November 11, 1977 the court, by order, adopted the recommended decision as the basis for its judgment in this case, concluded and ordered that the conclusions and determinations of the ASBCA are supported by substantial evidence and are legally correct, and that the petition and defendant’s counterclaims be dismissed. The court points out that by "such adoption the court does not hold, or intend to hold, that attorney’s fees incurred in discussions by a contractor’s attorney with the administrative superiors of a contracting officer over the proper amount of a termination settlement — as distinguished from attorneys fee costs incurred in prosecution of a settlement of a claim or appeal under the 'Disputes’ clause — are necessarily to be excluded from the termination settlement.”